# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

THELMA WILLIAMS, JR.
ADC #93197                                                                                              PLAINTIFF

V.                                           NO: 5:07CV00181 JMM

BARBARA SMALLWOOD *et al.*                                                                DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge H. David Young, and the objections filed.

In plaintiff's objections, he continues to assert that his access to the Courts has been denied. In particular, he states that two prison officials, Ms.Piperson and Ms. Bigges, have opened his legal mail and attempted to stop him from mailing an amended complaint in which he adds them as defendants and he continues to complain about the actions of defendant Johnson.  Plaintiff's complaint regarding his attempts to amend his complaint is without merit as the Court has received plaintiff's motion to amend.  Plaintiff's other objections are not related to this case, but to other cases plaintiff has pending in federal court.[1]

After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

---

[1] *Williams v. Gibson, et al*, No. 5:07CV00178 WRW (plaintiff appealing dismissal of his § 1983 claim based upon disciplinary he received for indecent exposure);  *Williams v. Brooks Parks, et al*, No. 5:07CV00180JMM/HLJ (§ 1983 claim based upon improper classification and investigation ); and *Williams v. Bennet*, 5:07CV00179 JMM (plaintiff appealing dismissal of his § 1983 claim based upon allegations that prison officials failed to process his grievances).

Prior to the filing of the Magistrate Judge's Findings and Recommended Disposition, plaintiff filed a motion for leave to appeal (#25) and subsequent to the Findings and Recommended Disposition being submitted, plaintiff filed two motions to amend his complaint (#30 and #28) and a motion for leave to proceed *in forma pauperis* (#31).

Plaintiff's September 6, 2007, motion to amend is based upon defendant Johnson making a threatening remark to plaintiff when plaintiff asked Johnson to notarize some affidavits. "Verbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433 (8th Cir. 1993). When, however, these threats are intended to intimidate an inmate from exercising his right of access to the Court, such a treat may be the basis for a § 1983 claim. *See Cooper v. Schriro*, 189 F.3d 781 (1999). Here there are no allegations that Johnson's remark intimidated plaintiff. Rather plaintiff states that it was Johnson's refusal to notarize some documents which hindered his access to the Courts. However, as stated by the Magistrate Judge, plaintiff has failed to identity any specific case that was impacted by Johnson's refusal to provide notary services and there is every indication that plaintiff has been able to file pleadings in all of his four pending cases. The motion is denied because even if plaintiff were allowed to amend, he would fail to state a claim.

Plaintiff's September 10, 2007, motion to amend seeks to add Ms. Bigges, Ms. P. Pipersons, and Ms. Ramona Walker as defendants based upon Ms. Bigges and Ms Pipersons sending back his legal papers and Ms. Walker denying him a "classification class." Again, the allegations against Ms. Bigges and Ms. Pipersons fail to identify any harm or impact their actions had on any of plaintiff's current lawsuits against prison officials. Plaintiff's claim against Ms.Walker is a claim currently pending in *Williams v. Brooks Parks, et al*, No. 5:07CV00180JMM/HLJ. The motion is denied because even if plaintiff were allowed to amend, he would fail to state a claim.

Plaintiff's motion to appeal concerns only the actions of Ms. Bigges and Ms Pipersons and is untimely as there has not been a final order entered in this case.

Finally, plaintiff's motion for leave to proceed *in forma pauperis* is moot as plaintiff was granted *in forma pauperis* status on July 17, 2007 (#31).

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to dismiss (docket entry #20) is GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

2. Plaintiff's Motion to Amend/Correct (docket entry #28) is DENIED as futile.

3. Plaintiff's Motion to Amend/Correct (docket entry #30) is DENIED as futile.

4. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (docket entry #31) is DENIED as moot.

5. Plaintiff's Motion to Appeal (docket entry #25) is DENIED without prejudice to plaintiff refiling a notice of appeal as to his entire case.

DATED this  13   day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE